**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Piper Jaffray & Co.,                                                Civil No. 04-2922 (DWF/JSM)
a Delaware Corporation,

      Plaintiff and Counter Defendant,

v.                                                         **MEMORANDUM**
                                                             **OPINION AND ORDER**

SunGard Systems International, Inc.,
a Pennsylvania Corporation f/k/a
SunGard Treasury Systems, Inc.
d/b/a SunGard Trading Systems,

      Defendant and Counter Claimant.

---

Joseph W. Anthony, Esq., and Norman J. Baer, Esq., Anthony Ostlund & Baer, PA, counsel for Plaintiff and Counter Defendant.

Denis E. Grande, Esq., and Holly J. Newman, Esq., Mackall Crounse & Moore, PLC; Brian S. Paszamant, Esq., Laurence S. Shtasel, Esq., and James T. Smith, Esq., Blank Rome LLP; Erin A. Shields, Esq., and Joanne Horwood Turner, Esq., counsel for Defendant and Counter Claimant.

---

## INTRODUCTION

      Defendant in the above-entitled matter has requested leave of this Court, pursuant to Local Rule 7.1(g), to file a motion for reconsideration of the Court's Memorandum Opinion and Order (the "Order") dated February 16, 2007, granting in part and denying in part Plaintiff's Motion for Summary Judgment. For the reasons set forth below, the Court denies Defendant's request.

**DISCUSSION**

"Motions to reconsider are prohibited except by express permission of the Court, which will be granted only upon a showing of compelling circumstances." D. Minn. L.R. 7.1(g). A motion to reconsider should not be employed to relitigate old issues, but to "afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. United States Dept. of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993).

In its letter requesting leave, Defendant SunGard Systems International, Inc., a Pennsylvania Corporation f/k/a SunGard Treasury Systems, Inc. d/b/a SunGard Trading Systems ("SunGard"), first asserts that the factual record is undeveloped because Plaintiff Piper Jaffray & Co. ("Piper") has failed to produce a multitude of electronic documents. Because the record is allegedly undeveloped, SunGard alleges that summary judgment is not appropriate. Against this backdrop, SunGard contends that the Court overlooked important factual issues concerning SunGard's claim for unjust enrichment pertaining to Piper's use of the eGT software (Court III). Additionally, SunGard contends that controlling law contradicts the Court's decision to grant summary judgment on SunGard's claim for copyright infringement (Count IV), which the Court found arose under the parties' contract. Specifically, SunGard cites *Paramount Pictures Corp. v. Metro Program Network, Inc.*, 962 F.2d 775, 779–80 (8th Cir. 1992), for the proposition that infringement occurring after a license has been terminated gives rise to a copyright claim that is distinct from and independent of any claim for breach of contract. Further,

SunGard contends that, even if the copyright claim arose out of the contract, Piper's indirect profits nonetheless constitute direct damages.

The Court finds that SunGard has not demonstrated compelling circumstances that warrant reconsideration of the Court's decision to grant partial summary judgment on Count III. Instead, SunGard seeks to relitigate issues that the Court has already considered and decided. The Court rejects SunGard's assertion that Piper's discovery transgressions were "not fully revealed" to the Court given that the Court was assigned this case after the motion in question had been briefed and argued before another District Judge for the District of Minnesota. Here, the Court reviewed SunGard's brief and the oral-argument transcript and other court filings, in which SunGard highlighted Piper's discovery transgressions. Thus, the Court was apprised of the history of this case and, to the extent that the Court's decision to grant summary judgment on Count III was fact-driven, the Court considered and rejected SunGard's arguments. But the Court's decision was not solely fact-driven; rather, the Court found as a matter of law that SunGard had agreed to provide eGT software licenses to Piper at no additional cost in its pleadings. Thus, the Court will not relitigate these issues.

Additionally, the Court finds that SunGard has not demonstrated compelling circumstances that warrant reconsideration of the Court's decision to grant summary judgment on Count IV. Although SunGard did not cite *Paramount Pictures*, 962 F.2d at 779–80, it did previously argue that infringement occurring after a license has been terminated gives rise to a copyright claim that is distinct from and independent of any

3

claim for breach of contract. Additionally, SunGard argued that, even if the copyright claim arose out of the contract, Piper's indirect profits nonetheless constitute direct damages. Because the Court has already considered and rejected these arguments, granting SunGard leave to file a motion for reconsideration would permit SunGard to re-litigate old issues. Therefore, the Court denies SunGard's request.

Accordingly, **IT IS HEREBY ORDERED THAT:**

1. SunGard's request to file a motion for reconsideration is **DENIED**.

Dated: March 15, 2007    s/Donovan W. Frank
DONOVAN W. FRANK
Judge of United States District Court